# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**WILFRED GENE RUMMAGE, SR.**                                                                  **PLAINTIFF**

v.                                                                                                **CIVIL ACTION NO. 4:11-CV-7-M**

**VIRGINIA, HEAD NURSE et al.**                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion for summary judgment filed by Defendants Southern Health Partners, Inc. (SHP), and Daviess County Detention Center Nurse Virginia (DN 26). For the following reasons, the Court will deny that motion.

## I. FACTS

According to Plaintiff's complaint, he was at the pertinent time twice incarcerated as a pretrial detainee at the Daviess County Detention Center (DCDC). Before his incarceration, Plaintiff had suffered a (self-inflicted) gunshot wound to the head, requiring a tracheotomy, steel plates in his jaw, and the removal of his left eye. His complaint alleged that at DCDC he had a "tracheastomy, infection in L/ eye socket, jaw bone, both running with staff infection." He stated, " I was back in cell (3 man) with prisoner who had open sores on his neck I could see the yellow puss until he would scratch and dab w/ toilet paper and throw on floor never to clean. I asked for broom but was refused. My bottom jaw bone was busted and had steel plates holding together. I could not eat or drink without a straw because of the damage to my windpipe, neck, mouth, etc." Plaintiff continued: "I had direah the whole time, could not even talk to nurse. I had been on diet of ensure."

Plaintiff alleged that during his second incarceration at DCDC he was placed on suicide watch "with only food could eat with fingers, still had [diarrhea], all over floor, 2 men in 1 man

room." He states that after approximately two weeks, he had such "failing of [his] facilities, the guards carried [him] to infirmiry where [he] was diagnosed with dehydration, malnutrition and raggin fever in jaw." He stated that he lost 30 pounds. He further stated that "it was ordered be given cup and straw 1-2 hours. Never or rarely happen. . . . they would not allow me to keep straw and cup in room . . . ."

## II. ANALYSIS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that

would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

The Eighth Amendment's prohibition of cruel and unusual punishment provides the basis to assert a claim, under 42 U.S.C. § 1983, of deliberate indifference to a prisoner's serious medical needs; a similar claim brought on behalf of a pretrial detainee is equally viable under the Due Process Clause of the Fourteenth Amendment. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). "Prison officials' deliberate indifference violates an inmate's rights '[w]hen the indifference is manifested by . . . prison guards in intentionally denying or delaying access to medical care' for a serious medical need." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).

Defendants SHP and Nurse Virginia argue in their summary-judgment motion that Plaintiff's claims do not rise to the level of deliberate indifference and that, in fact, the record shows that he received regular medical care and his medical condition was continually monitored by the DCDC physician. They assert that Plaintiff regularly received his medication and that SHP specially ordered bottles of Ensure to accommodate his dietary restrictions. They also argue that he cannot base his claims against SHP on *respondeat superior*. They further argue that dismissal is appropriate because Plaintiff has failed to prosecute properly this case in not properly responding to discovery requests and failing to file a pre-trial memorandum. To their motion for summary judgment, they attach numerous medical records which appear to be

3

Plaintiff's medical records while housed at DCDC.

In his response,[1] Plaintiff states that the trach tube has several parts, one of which is the "canola" on which is stamped "do not reuse, change daily." He states that his open wounds required "attention and clean environment" but that the cell and cellmate were "nasty." He states that his cellmate had "open wounds or infection" on his neck which he would dab with toilet tissue and then throw the tissue on the floor. He states that the food he was given to eat was hard and required chewing. He states that because his mouth and jaw had not healed from surgery he was unable to eat. He alleges that his trach tube "got so stopped up with no help from nurses" that, apparently, he used the shower head to flush out the canola even though it is supposed to be sterile because it goes into his lungs. He states that his left eye socket was "an open wound that constantly drained" and that his "chin got infected from [illegible] so much as to open up about 2 [inch] open wound exposing a large steel head of screw holding a plate that had been implanted there to support loss of jaw bone." He asserts that when he was sent to DCDC he had three large bags of medication but that not one pill was ever given to him.[2] Plaintiff asserts that during his second incarceration at DCDC he was placed on suicide watch in solitary confinement and given food he could not eat and was not allowed to have a straw or cup for water.

Plaintiff contends that his DCDC records were doctored with regard to whether he was given medication. ("Their records are obviously doctored as to meds given and date given.").

___

[1] Plaintiff did not file his response with the Court. Apparently, he mailed it only to counsel for Defendants. Defendants' counsel forwarded a copy to the Court.

[2] Plaintiff did not raise a claim relating to the withholding of medication in his complaint. As such, it is not a claim in this case, and the Court will not consider Plaintiff's argument regarding his medication except in the context of Plaintiff's contention that the medical records attached to the summary-judgment motion are not accurate.

He also takes issue with a photocopy of a DCDC "Inmate Alert" page, which is one of the attachments to the summary-judgment motion. That Inmate Alert states:

| Alert Category | Details | Time Recorded |
|---|---|---|
| DIET | MECHANICAL SOFT/LIQUID DIET WITH ENSURE SUPPLEMENTS. GIVE STRAW WITH MEALS, AVAILABLE IN MEDICAL. VPO1 7/21/10 | 06/24/2010 08:45:27 |
| ALERT MEDICAL UPON INTAKE | ALERT MEDICAL UPON INTAKE | 07/17/2010 07:20:37 |

Plaintiff adds the following handwritten note: "Did not happen [illegible] until taken by wheelchair to medical for straw and treatment and treatment for inf.[,] malnutrition, dehydration etc. rarely was I given straw to drink." He states at the end of his response, "I swear all the statements I have made are true & correct. I had no way of keeping track of time or dates because I was on suicide watch." Although he does not swear to the truth of his statements in his response under penalty of perjury as required by 28 U.S.C. § 1746, *see Williams v. Browman*, 981 F.2d 901, 904-05 (6th Cir. 1992) (per curiam), he does argue that DCDC medical records attached to Defendants' motion for summary judgment are not accurate. Moreover, his complaint is verified, stating "I, the undersigned, declare under penalty of perjury that the information contained in this document is true and correct." As such, the allegations in his complaint "'have the same force and effect as an affidavit' for purposes of responding to a motion for summary judgment." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (quoting *Williams*, 981 F.2d at 905 (6th Cir. 1992); citing 28 U.S.C. § 1746).

Although Defendants have attached numerous medical records in support of their motion for summary judgment, the DCDC medical records attached by Defendants are not certified to be authentic. "The failure to authenticate a document properly precludes its consideration on a motion for summary judgment." *Robinson v. Bodoff*, 355 F. Supp. 2d 578, 582 (D. Mass. 2005)

5

(striking all exhibits that were submitted without affidavits and were not self-authenticating). "Unauthenticated exhibits are not proper evidence for opposing or supporting a summary judgment motion." *Steele v. Jennings*, No. 2:04-CV-189, 2005 WL 2124152, at *3 (S.D. Ohio Aug. 31, 2005). Because the attachments to the summary-judgment motion are not authenticated, they are not appropriate summary-judgment evidence. Because the Court will not consider these unauthenticated records, Defendants have not properly supported their summary-judgment motion. *See Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993) (noting that prison medical records and other documents attached to summary-judgment motion which were not certified to be authentic did not satisfy Fed. R. Civ. P. 56's requirements).

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** the summary-judgment motion (DN 26) filed by Defendants SHP and Nurse Virginia at this time without prejudice to filing a properly supported motion.

Date:   July 23, 2012

                                        **Joseph H. McKinley, Jr., Chief Judge**
                                        **United States District Court**

cc:     Plaintiff, *pro se*
        Counsel of record
4414.009