**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**WILFRED GENE RUMMAGE, SR.**                                          **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 4:11-CV-7-M**

**VIRGINIA, HEAD NURSE et al.**                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion for summary judgment filed by Defendant David Osborne (DN 28). For the following reasons, the Court will grant that motion.

**I. FACTS**

According to Plaintiff's complaint, at the pertinent time he was twice incarcerated as a pretrial detainee at the Daviess County Detention Center (DCDC). He named as Defendants Head Nurse Virginia, Southern Health Partners, Inc., and David "Oz" Osborne.[1] He sued Defendants Virginia and Osborne in their individual and official capacities. Before his incarceration, Plaintiff had suffered a (self-inflicted) gunshot wound to the head, requiring a tracheotomy, steel plates in his jaw, and the removal of his left eye. His complaint alleged that, while at DCDC, he had a "tracheastomy, infection in L/ eye socket, jaw bone, both running with staff infection." He stated, " I was back in cell (3 man) with prisoner who had open sores on his neck I could see the yellow puss until he would scratch and dab w/ toilet paper and throw on floor never to clean. I asked for broom but was refused. My bottom jaw bone was busted and had steel plates holding together. I could not eat or drink without a straw because of the damage to my windpipe, neck, mouth, etc."

---

[1] The complaint actually spelled Defendant's last name as "Osburn." However, the answer to the complaint makes clear that the correct spelling is "Osborne."

Plaintiff continued: "I had direah the whole time, could not even talk to nurse. I had been on diet of ensure." He alleged that during his second incarceration at DCDC he was placed on suicide watch "with only food could eat with fingers, still had [diarrhea], all over floor, 2 men in 1 man room. I slept or lay on concret floor." He states that after approximately two weeks, he had such "failing of [his] facilities, the guards carried [him] to infirmiry where [he] was diagnosed with dehydration, malnutrition and raggin fever in jaw." He stated that he lost 30 pounds. He further stated that "it was ordered be given cup and straw 1-2 hours. Never or rarely happen. . . . they would not allow me to keep straw and cup in room . . . ."

## II. ANALYSIS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of

proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted).

Defendant Osborne argues that David "Oz" Osborne is a separate person who is actually the elected Daviess County Court Clerk and that "Oz" Osborne's duties are in no way connected to the operation of the county jail. However, because the summons was issued to Daviess County Jailer David Osborne, who has answered the complaint, the rest of the motion argues on his, the jailer's, behalf.[2] He argues that the complaint fails to set forth any personal involvement by Jailer Osborne. He also argues that Plaintiff has failed to prosecute this case by not filing a pretrial memorandum. He asserts that the claim against him cannot be based on *respondeat superior*. He further argues that the official-capacity claim against him fails because Plaintiff has not shown a policy. Finally, he argues that he is entitled to qualified immunity. Because the Court finds that Jailer Osborne is entitled to summary judgment in his favor in his individual capacity because the complaint fails to allege personal involvement by him and in his official capacity because Plaintiff does not allege that a policy or custom of Daviess County caused his

---

[2] Because Jailer Osborne answered the complaint, the Court considers him to be the proper Defendant.

...
...

alleged constitutional violations, the Court does not consider Defendant Osborne's other arguments.

Plaintiff's complaint makes no reference to any personal involvement by Jailer Osborne. Some factual basis for a claim against a defendant must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Plaintiff must explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to Jailer Osborne. As such, Jailer Osborne is entitled to summary judgment in his favor on the individual-capacity claim against him. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

Plaintiff's claim against Jailer Osborne in his official capacity must be construed as a suit as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claim against Jailer Osborne in his official capacity is actually brought against Daviess County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Daviess County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Nothing in the complaint indicates a Daviess County policy or custom was responsible for the alleged constitutional deprivation. Jailer Osborne is entitled to summary judgment in his

5

favor on the claim against him in his official capacity.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Defendant Osborne's motion for summary judgment (DN 28).

Date: July 23, 2012

*Joseph H. McKinley, Jr.*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Counsel of record
4414.009