UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:11-CV-00007-JHM

**WILFRED GENE RUMMAGE, SR.**                               **PLAINTIFF**

v.

**VIRGINIA; SOUTHERN HEALTH
PARTNERS, INC.; and DAVID OSBORNE**                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Southern Health Partners, Inc. and Nurse Virginia's motion for summary judgment [DN 38]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **GRANTS** the Defendants' motion for summary judgment.

### I. BACKGROUND

According to the Complaint, Plaintiff was incarcerated as a pretrial detainee at the Daviess County Detention Center ("DCDC") on two occasions. Prior to his incarceration, Plaintiff had suffered a self-inflicted gunshot wound to the head, resulting in injuries that required a tracheotomy, steel plates in his jaw, and removal of his left eye. Plaintiff alleges that while at DCDC he had infections in his left eye socket and jaw bone, "both running with staff infection." He further alleges that he "was back in cell (3 man) with prisoner who had open sores on his neck [he] could see the yellow puss until he would scratch and dab w/ toilet paper and throw on floor never to clean. [Plaintiff] asked for broom but was refused. [His] bottom jaw bone was busted and had steel plates holding together. [Plaintiff] could not eat or drink without a straw because of the damage to [his] windpipe, neck, mouth, etc." [DN 1] Additionally, Plaintiff states that he "had direah the whole time, could not even talk to nurse. [He] had been on diet of ensure." [DN 1].

During his second incarceration at DCDC, Plaintiff alleges that he was placed on suicide watch "with only food could eat with fingers, still had [diarrhea], all over floor, 2 men in 1 man room." After approximately two weeks, Plaintiff states that he had such "failing of [his] facilities, the guards carried [him] to infimiry where [he] was diagnosed with dehydration, malnutrition and raggin fever in jaw." Plaintiff states he lost 30 pounds while incarcerated and although "it was ordered be given cup and straw 1-2 hours," that never or rarely happened, and "they would not allow [him] to keep straw and cup in room" or to have "ensure." [DN 1]

In a previous Order, this Court granted Defendant David Osborne summary judgment. Defendants Nurse Virginia and Southern Health Partners, Inc. ("SHP") remain. Defendants Nurse Virginia and SHP have filed this motion for summary judgment, with properly authenticated medical records, arguing that Plaintiff's constitutional rights were not violated.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

### III. DISCUSSION

The Eighth Amendment's prohibition of cruel and unusual punishment provides the basis to assert a claim under 42 U.S.C. § 1983 of deliberate indifference to a prisoner's serious medical needs; a similar claim brought on behalf of a pretrial detainee is equally viable under the Due Process Clause of the Fourteenth Amendment. Phillips v. Roane Cnty., Tenn., 534 F.3d 531, 539 (6th Cir. 2008). "Prison officials' deliberate indifference violates an inmate's rights '[w]hen the indifference is manifested by . . . prison guards in intentionally denying or delaying access to medical care' for a serious medical need." Id. (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)).

To prove a claim of deliberate indifference to serious medical needs, a plaintiff must demonstrate both an objective component and a subjective component. Phillips, 534 F.3d at 539. "The objective component requires the existence of a 'sufficiently serious' medical need[,] . . . the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004) (internal quotations omitted). In order to demonstrate the subjective component, an inmate must "show that prison officials have

3

a 'sufficiently culpable state of mind in denying medical care.'" Id. (quoting Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000)). In describing "deliberate indifference," the Sixth Circuit has stated that it "'entails something more than mere negligence', but can be 'satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Id. at 895-96 (quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994)).

Claims of negligent medical care do not constitute a constitutional violation without deliberate indifference resulting in substantial harm. Estelle, 429 U.S. at 106. "[W]here the prisoner has received some medical attention and now disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and to constitutionalize claims which sound in tort law." Lewis v. McClennan, 7 Fed. Appx. 373, 375 (6th Cir. 2001) (citing Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)). Additionally, the Sixth Circuit requires that "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." Napier v. Madison County, Ky., 238 F.3d 739, 742 (6th Cir. 2001 (quoting Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1188 (11th Cir. 1994).

In their motion for summary judgment, Defendants argue that Plaintiff's claims do not demonstrate deliberate indifference and argue that the Supreme Court and Sixth Circuit have rejected claims of deliberate indifference "under circumstances far more egregious than those presented by the Plaintiff here." (Defs.' Mot. Summ. J., 8 [DN 38] (citing Estelle, 429 U.S. 825; Whitley v. Albers, 475 U.S. 312 (1986); Napier, 238 F.3d 739; Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994))). Furthermore, Defendants state that Plaintiff has failed to provide any evidence that would show that the Defendants were deliberately indifferent to his serious medical needs or that

4

he suffered any lasting harm. Defendants contend that Plaintiff's medical records show that Plaintiff received regular medical care for his diarrhea, infections, and dehydration and malnutrition. Additionally, Defendant SHP, as a corporate defendant, argues that it cannot be held liable under Section 1983 based on respondeat superior or vicarious liability.

Plaintiff has failed to file a response to Defendants' motion for summary judgment. Local Rule 7.1(c) provides that "failure to timely respond to a motion may be grounds for granting the motion." However, the Court considers Plaintiff's response to a previous motion for summary judgment [DN 26], which is summarized in a Court Order dated July 24, 2012 [DN 30]. In addition to the allegations in his Complaint, Plaintiff alleged that the food he was given was hard and required chewing which he was unable to eat; his left eye socket was infected and constantly drained; he brought three large bags of medicine with him and was never given one pill; and during his second incarceration he was placed on suicide watch, and again could not eat. Furthermore, he stated in the previous response [DN 29] that the medical records submitted with Defendants first motion for summary judgment [DN 26] were altered.

Plaintiff was incarcerated at the DCDC on two separate occasions and Defendants have provided his medical records for both dates. The medical records for Plaintiff's first incarceration, June 22, 2010 through June 24, 2010, indicate that Plaintiff was examined by medical staff, his tracheotomy cannula was cleaned, and new bandages were put on the tracheotomy and the left eye socket on June 23, 2010. (See Exhibit 4 [DN 38-5].) Medical records of Plaintiff's second incarceration, July 21, 2010 through August 9, 2010, submitted by Defendants include sick call slips filled out by Plaintiff, progress notes that discuss wound and diarrhea treatment, and August 2, 2010 examination notes of Dr. Davis in which he ordered an ointment for Plaintiff's left eye, mechanical

soft diet, and the administration of other medications. (See Exhibit 10; Exhibit 12; Medical Administration Orders, Exhibit 14 [DN 38].)

Even assuming that Plaintiff can satisfy the objective portion of his claim, he has totally failed to demonstrate the subjective component of his claim under 42 U.S.C. § 1983. He has produced no evidence that Defendants acted with a sufficiently culpable state of mind in denying medical care. Despite Plaintiff's conclusory allegations that some of his medical records were altered, the evidence clearly shows that Defendants were providing Plaintiff with medical care for his wound infections, tracheotomy, dehydration, and diarrhea. There is no evidence in the record that demonstrates a genuine issue of fact exists as to his medical treatment. Therefore, the Court finds that Plaintiff's claims do not meet the requirements of a constitutional violation and summary judgment is appropriate.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Defendants' motion for summary judgment [DN 38] is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

April 10, 2013

cc: counsel of record